Case 88—INDICTMENT—February 14.

# Cook v. Commonwealth.

APPEAL FROM WHITLEY CIRCUIT COURT.

1. Instruction as to Self-defense.—Where there is testimony which entitles the accused to an instruction as to the law of self-defense, it is not sufficient to instruct them to find the accused guilty unless he acted "in his necessary, or to him reasonably apparent necessary, self-defense." It is the duty of the court to give an instruction defining the law of self-defense.

2. Misconduct of Commonwealth's Attorney.—The Commonwealth's Attorney, not as a witness, but in the hearing of the jury, repeated to the court what purported to be a statement made to him out of court by one of the witnesses whose testimony was favorable to the accused, which flatly contradicted the testimony of the witness, and, if true, was sufficient to convict the witness of perjury. The court reproved the Commonwealth's Attorney and admonished the jury not to consider his statement. Held—That it would better accord with the rights of the accused in such a case for the court to suggest to him or his counsel that if he desires it, and will so request, the jury will be withdrawn and another jury impaneled to try the case. If the suggestion should be declined, the accused should not thereafter be heard.

3. Same.—The Commonwealth's Attorney should never make any statement of fact outside of the record or evidence, which may tend in the least degree to prejudice the rights of the accused. The conduct of the Commonwealth's Attorney in this case was very reprehensible, and he should have been punished by a heavy fine.

C. W. LESTER for appellant.

1. Statement by Commonwealth's Attorney in presence of the jury that the evidence of a witness was directly in conflict with his evidence before the grand jury was prejudicial to the accused, and warrants a reversal.

2. There being evidence tending to show that the shooting and wounding was done in necessary self-defense, the jury should have been instructed as to the law of self-defense.

P. W. HARDIN, Attorney-General, for appellee.

To authorize a reversal, there must be some ruling of the court prejudicial to the accused and excepted to at the time.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The trial of the appellant in the Whitley Circuit Court for willfully and maliciously shooting and wounding Mase Owsley, with the intent to kill him, Owsley, resulted in the conviction of the appellant of the charge, and his punishment was fixed at confinement in the State Penitentiary for the term of one year. His motion for a new trial having been overruled, he has appealed to this court. Two errors are assigned for a reversal of the case: First, the court erred in refusing to properly instruct the jury upon the subject of self-defense; second, misconduct of the Commonwealth's Attorney, consisting in making a statement of fact, which was not in evidence, in the presence of the jury, and which was prejudicial to the rights of the appellant. These grounds will be noticed in their order.

The Commonwealth introduced Geo. Berry as a witness. He testified, that a short while before the shooting, he and appellant went to Mase Owsley's lunch-room to get a lunch; that Owsley refused to let them have the lunch; whereupon, they went to Taylor's saloon, which was about the distance of a hundred yards from Owsley's lunch-room; that while they were in Taylor's saloon Owsley came in and cursed and abused the crowd; that he had a pistol in his hand, and pointed it towards the appellant, cursing him at the same time; that the appellant, while Owsley was pointing the pistol towards him and cursing him, drew his pistol and fired it at Owsley, the ball striking him in the breast; that Owsley then left the room, and as he went out at the door he fired two shots back into the room. That Ows-

ley told witness that day, and before the shooting, that he intended to whip the appellant; that he communicated this threat to the appellant before the shooting. The appellant's evidence in his own behalf was substantially the same as that of Geo. Berry. The Commonwealth introduced other witnesses, whose evidence threw the blame entirely upon the appellant. The evidence of Berry and the appellant, if believed by the jury, strongly tended to make out a case of self-defense. The appellant was, therefore, entitled to an instruction embodying and defining the law of self-defense.

It is contended by the Commonwealth that instruction No. 1, given at the instance of the Commonwealth, gave the appellant the benefit of the law of self-defense. The jury were told by that instruction that if the appellant willfully and maliciously, "and not in his necessary, or to him reasonably apparent necessary, self-defense," shot and wounded Owsley, etc., then they must find him guilty. The court refused to give any other instruction on the law of self-defense. This instruction left the jury to determine what, in law, constituted necessary, or "reasonably apparent necessary," self-defense; whereas, the appellant was entitled to an instruction defining the law of self-defense, and the court erred in not giving such an instruction. For this error the case must be reversed. The definition of self-defense has been so often given by this court, it is not deemed necessary to again give it for the guidance of the lower court upon another trial.

When Geo. Berry's evidence was concluded, and while the lower court was, with the view of fixing his fees as a witness for the Commonwealth, interro-

gating him as to the length of time he had been in attendance as a witness, the Commonwealth's Attorney objected to his being allowed any thing for his attendance as a witness; and in response to the inquiry of the court as to the grounds of his objection, he said, in the presence and hearing of the jury: "Because he," Berry, "told me and Judge Harman, in the witness room yesterday, that Owsley never done any thing to defendant, and was doing nothing to him when he was shot." The appellant objected to this statement; but the Commonwealth's Attorney did not withdraw it. The lower court, however, told the jury that they should not consider the statement; the court also reproved the Commonwealth's Attorney. The conduct of the Commonwealth's Attorney was very reprehensible, and he should have been punished by a heavy fine. It is the duty of a Commonwealth's Attorney to represent the interest of the Commonwealth fully and fairly, with his utmost ability; but it is not his duty to make a statement of fact, the credence of which is always more or less strengthened by his official position, outside of the record or evidence, which may tend in the least degree to prejudice the rights of the accused. The Commonwealth desires and is entitled to the conviction of the guilty by fair and honorable means, and upon competent testimony; but it does not desire a conviction by any other means. To accomplish this end, it is the duty of the Commonwealth's Attorney to devote his entire energy and utmost ability. But, as before said, he is not excusable in making any statement of fact, outside of the evidence, which may be in the slightest degree prejudicial to the rights of the

accused. In this case the Commonwealth's Attorney, not as a witness, made a statement of fact which flatly contradicted the witness, Berry, and, if believed, convicted Berry, in the minds of the jury, of perjury. There was a plain course for the Commonwealth's Attorney to pursue—to introduce either himself or Judge Harman as a witness to contradict Berry. But not seeing proper to take this course, he should have kept silent as to what occurred in the witness-room, for the reason that a repetition of it, not under oath, in the hearing of the jury, was incompetent evidence, and of a character very damaging to the rights of the appellant, and which, doubtless, left an unfavorable impression on the minds of the jury, notwithstanding the admonition of the court. In a case like this, it would better accord with the rights of the accused for the court to suggest to him or his counsel that if he desired it, and would so request, the jury would be withdrawn and another jury impaneled to try the case. If the suggestion should be declined, the complaint of the accused should not thereafter be heard.

For the error of the lower court in refusing to instruct the jury upon the subject of self-defense, the case is reversed, with directions to grant the appellant a new trial, and for further proceedings consistent with this opinion.