CASE 61—INDICTMENT FOR MISDEMEANOR—DEC. 7.

# Rhodes v. Commonwealth.

APPEAL FROM HENDERSON CIRCUIT COURT.

COMMONWEALTH'S ATTORNEY—MISCONDUCT.—On the trial of appellant for maintaining a bawdy house it was misconduct of the Commonwealth's Attorney, entitling the defendant to a new trial, to say in his argument to the jury: "The business of the defendant, Rhodes, in this town is to rent and furnish bawdy houses, and he makes his living by public bawdry and public shame. He is an old offender; he knows the law; he has been to the penitentiary, and you should not believe him under oath."

JOHN YOUNG BROWN AND J. H. EATON FOR APPELLANT.

1. The remarks of the Commonwealth's Attorney were improper, and the appellee is entitled to a new trial on account of them. People v. Ahlen, 92 Cal., 282; Elliott's Genl. Prac., sec. 692; State v. Bobbst, 32 S. W., 1151; Sinclair v. State, 32 S. W., 531; Hatch v. State, 8 Tex. App., 416; People v. Dane, 59 Mich., 550.
2. The court erred in excluding the deed whereby the property was conveyed to Kate Cahill.

W. S. TAYLOR, ATTORNEY-GENERAL, AND L. C. FLOURNOY, COMMONWEALTH'S ATTORNEY, 5TH CIRCUIT COURT DISTRICT, FOR APPELLEE.

The instructions to the jury correctly defined a bawdy house and prescribed the penalty. Rhodes v. Com., 10 Ky. Law Rep., 722; Ford v. Com., 12 Ky. Law Rep., 507; Rhodes v. Com., 15 Ky. Law Rep., 333.

C. J. PRATT, ATTORNEY-GENERAL, AND L. C. FLOURNOY FOR APPELLEE IN A PETITION FOR A REHEARING.

The statement of the Commonwealth's Attorney, to which objection is made, was amply justified by the facts in evidence before the jury.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The appellant, Rhodes, was tried under an indictment for maintaining a bawdy-house. On the trial of the case he sought to show that the title to the property was in

another, and in support of that tendered a deed. The deed had never been delivered and accepted. In arguing the case before the jury, over the objection of the appellant, the Commonwealth's attorney used language as follows, to-wit: "The business of the defendant, Rhodes, in this town is to rent and furnish bawdy-houses, and he makes his living by public bawdry and public shame. He is an old offender, he knows the law, he has been to the penitentiary, and you should not believe him under oath."

Under our Constitution a person accused of an offense is entitled to trial by jury, conducted according to the rules of law. The court should only permit the jury to hear relevant and competent facts. The accused is entitled to fair treatment by the judge who presides over the court, and by the Commonwealth's attorney, who is a sworn officer of the law. Jurors believe that Commonwealth's attorneys are interested in the conviction of persons guilty of offenses, and their statements of necessity have great weight with them. A Commonwealth's attorney, in arguing a case to the jury, should not be permitted to state facts which do not appear in the record, or be permitted to accuse a defendant of offenses for which he is not being tried. He charged that the appellant's business was to rent and furnish bawdy-houses; that he made his living by public bawdry and public shame; that he is an old offender. The defendant was under trial for being guilty of maintaining a bawdy-house on a certain street in Henderson. It was not even competent on the trial of the case to prove that he rented and furnished other bawdy-houses, etc.

We are of the opinion that the Commonwealth's attorney greatly transcended his duties in making the charge which he did against the defendant, and for that reason the case is reversed.