## Bradshaw v. Commonwealth.

(Decided March 2, 1920.)

### Appeal from Kenton Circuit Court.

1. Criminal Law—Arguments and Conduct of Counsel.—It is highly improper, in the trial of an action, for an attorney, in argument, or in the presence of the jury, trying the case, to make a statement, that certain facts, exist, which have not been given, in evidence, and it is more reprehensible, when the facts, he declares exist, are incompetent as evidence, and have been excluded by the court, from the consideration of the jury.

2. Criminal Law—Trial—Arguments and Conduct of Counsel.—When an accused is on trial for a crime, and the Commonwealth's attorney is guilty of misconduct, which might be prejudicial to the accused, and the accused objects thereto, and asks the court to admonish the jury to disregard and not consider the objectionable words and acts of the attorney, and the court sustains his objection and admonishes the jury, as requested, and the accused fails to ask that the jury be discharged, and elects to take his chances before it, after verdict, he can not be heard to complain of the misconduct.

JOHN A. RICHMOND and JOHN L. CUSHING for appellant.

CHARLES I. DAWSON, Attorney General, for appellee.

## OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellant, William Bradshaw, was indicted, tried and convicted, in the Kenton circuit court, for the crime of robbery, and his punishment fixed by the verdict and judgment, at seven years' confinement, in the state reformatory. He insists, that the judgment ought to be reversed upon the ground, that the misconduct of the Commonwealth's attorney, upon the trial, was such as to prejudice his substantial rights and to deny to him a fair and impartial trial. The record demonstrates, that he was guilty of the crime of which he was accused, beyond any ground for controversy, and his counsel do not insist, that he is not guilty, but, insist, that the misconduct of the Commonwealth's attorney, caused the jury to add to his punishment, a length of time beyond, what it would have otherwise done. The conduct of the attorney for the Commonwealth, which is complained of, is, (1) that, upon the calling of the action for trial, there being two others jointly indicted with him, and a request having been made for a severance and separate trial for each, and the Commonwealth's attorney being required to elect, which of the accused, he would first proceed against for a conviction, he responded, "The Commonwealth elects to try William Bradshaw, first, because he is the worst of the three defendants." The appellant objected to this statement, but the court made no ruling upon the objection. (2) During the cross-examination of the appellant, the attorney for the Commonwealth inquired of him, as to how he was engaged at two different periods, when if appellant had answered, he would have been obliged to disclose the fact, that, at those times, he was confined in jail for a misdemeanor. (3)

When the appellant's attorney was addressing the jury, he stated, thât a number of witnesses, including five police officers, had testified, and that none of them had proven that the accused had a criminal record; and when the foregoing statement was made by the appellant's attorney, the Commonwealth's attorney, holding in' his hand, a sheet of paper, with some writing thereon, said, "Here is his record, the court would not let us introduce it." The appellant made objection to this statement, which the court sustained, and upon the appellant's further motion, admonished the jury to disregard the statement and actions of the Commonwealth's attorney.

(a)  As to the first ground of complaint, a jury had not been ordered, and it does not appear, that, either the Commonwealth or the defendant had announced ready for trial, nor had they been requested to do so; but, it is said, that certain persons, who had been summoned for jury service, were there in the court  room  and  about twenty feet away, from the Commonwealth's attorney when he made the election. It is not shown, that the remark of the Commonwealth's attorney was heard or could have been heard by the veniremen, or that any of those then present, who might have heard the statement were afterwards selected for service upon the jury. The grounds of complaint are too vague for consideration.

(b)  The second ground is without merit. The defendant was testifying as to his custom to be employed, when the Commonwealth's attorney inquired of him, where he was upon two certain dates. It is said, that if the defendant had truthfully answered, he would have been obliged to have revealed the fact, that, upon those occasions, he was confined in jail serving sentences for convictions of misdemeanors. If the purpose of the attorney for the Commonwealth, in asking the questions, was to place before the jury, by this indirect method, the fact that the defendant had been convicted of misdemeanors, which was not competent evidence, and intended to prejudice the jury against the defendant's defense, the purpose was improper, but an undisclosed purpose on the part of the attorney, which did not succeed, could not prejudice the appellant's rights. The court promptly sustained objections to the questions and they were not answered. A scrutiny of the record makes it apparent, that the jury could not have drawn any inference from the questions, which was unfavorable to the appellant.

(c)   The third complaint of the conduct of the attorney for the Commonwealth, is of a more meritorious character.   The argument being made by the attorney for defendant, was not an unfair one, as the evidence did fail to show, that the defendant had a criminal record, which we presume was the kind of record the attorney had reference to, and was so understood by the jury, and it gave no occasion for the statement of the Commonwealth's attorney, which amounted to a declaration to the jury, that the defendant did in fact have a bad record, but, that it was withheld from the jury by the court.   Every person accused has a right to a trial in accordance with the laws, and we have uniformly held, that declarations of attorneys in argument, and before juries, where they undertake to make statements, as to facts, which have not been given, in evidence, are highly improper, and it is more reprehensible, where they make statements, that facts exist, the proof of which they can not, under any forms of law, have presented to the jury. Wilson v. Comlth., 21 Ky. L. R. 1333; Rhodes v. Comlth., 107 Ky. 354; Cook v. Comlth., 86 Ky. 663; Rankin v. Comlth., 82 Ky. 424; Clint v. Comlth., 81 Ky. 186; Darrall v. Comlth, 26 Ky. L. R. 541.

Where an attorney undertakes to get before a jury, by a declaration, that facts exist, about which he is not sworn and the proof of which the court has excluded from its consideration, he does so, in violation of the rights of the litigant, and in contempt of the court.   The appellant in the instant case, however, is in no attitude to complain, since the court did everything, which he requested it to do, in reference to the misconduct of the Commonwealth's attorney.   It sustained an objection, when made, and at the appellant's request, admonished the jury, not to consider the statement and actions of the attorney for the Commonwealth.   This probably did not have the effect of removing the prejudicial effects of the statement, and the actions, by which it was accompanied, but, the court did all that the appellant requested for the protection of his rights.   If the defendant believed that the conduct was prejudicial to him sufficiently to deprive him of a fair trial, he should have asked the court to discharge the jury, and to try him before one, which was free from the bias engendered.   Having elected, however, to take his chances before the jury, he can not now be heard to complain.   In the light of his evident guilt of a very great outrage, and the fact, that the jury

stopped short of meting out to him, the extreme penalty for such a crime, it does not appear, that he was prejudiced in his substantial rights.

The judgment is therefore affirmed.