## Binion v. Commonwealth.

(Decided December 19, 1924.)

## Appeal from Carter Circuit Court.

1. Criminal Law—Instruction to Acquit, if Accused Acted in Self-Defense, Held Prejudicial in Not Defining Self-Defense.—Instruction that, if jury should believe beyond reasonable doubt that accused acted in self-defense in shooting and wounding another, he should be acquitted, held prejudicial in not defining self-defense.

2. Homicide—Instruction Should State that, if Jury in Doubt as to Degree of Offense, it Should Find Accused Guilty of Lesser One.—Instruction that, if jury believed beyond reasonable doubt that defendant, charged with shooting with intent to kill, was guilty of public offense, but had reasonable doubt of its degree, they should find him guilty of offense designated in another instruction, held erroneous, but instruction should have stated that, if jury had reasonable doubt whether shooting was malicious or in sudden heat and passion, they should find him guilty of lesser offense.

WAUGH & HOWERTON for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Upon his trial in the Carter circuit court under an indictment charging him with shooting and wounding Levi Gearheart intending to kill him, but from which he did not die, the appellant, Binion, was convicted of the lower degree of that offense, that of shooting and wounding under sudden heat and passion and was fined $500.00 and six months' imprisonment in the county jail.

On this appeal from the judgment his counsel complain of a number of supposed errors, but none of which we deem of sufficient materiality to deserve consideration except the one complaining of the instructions of the court. The shooting of Gearheart by defendant was admitted and he sought to be excused upon the ground of self-defense, and it is insisted that the instruction presenting that defense was both incorrect and erroneous, and that the instruction submitting to the jury its duty, if it had a reasonable doubt as to the degree of the offense, was so drafted as to render it also erroneous.

Before taking up either of those questions, we deem it proper to say that the testimony in support of the defense relied on is, to say the least of it, rather meager, and it is somewhat doubtful whether it developed the requisite facts necessary to create the right of self-defense; but, upon thorough consideration of the evidence, we have concluded that possibly it was sufficient to authorize its submission to the jury and for it to draw its conclusion from the indefinite and uncertain character of defendant's testimony and that of his witnesses introduced to establish that defense. It follows, therefore, that it was the duty of the court in submitting it to do so correctly and in proper and approved form.

The self-defense instruction in this case was No. 3, and it says: "The court instructs the jury that although they believe from the evidence beyond a reasonable doubt that the defendant shot and wounded the witness Levi Gearheart, still if they believe from the evidence that he did said shooting in his necessary self-defense or in what reasonably appeared to the defendant at the time to be his necessary self-defense and there was no other safe means of avoiding the danger real or to the defendant apparent, then to shoot and wound the witness, they will find the defendant not guilty." It will be observed that the court failed to define the elements of self-defense and left it to the jury to determine without any legal standard furnished it by the court whether the shooting with which defendant was charged was justifiable under the right of self-defense as the jury might conceive it to be according to its unrestrained notions. Manifestly, therefore, the instruction was not only erroneous but highly prejudicial, and which conclusions are so patent as to require no substantiation or fortification by reference to adjudications or other authorities.

However, this court had before it the precise question in the case of Cook v. Commonwealth, 86 Ky. 663, and in that opinion we said: "The appellant was entitled to an instruction defining the law of self-defense, and the court erred in not giving such an instruction." For that error alone the judgment was reversed. Likewise, in Roberson's Criminal Law, vol. 1, section 258, the same principle is stated; and in Blankenship v. State, 11 Ala. 125, the court held that a similar instruction was both erroneous and prejudicial and for the giving of which a reversal should be ordered.

The court also erroneously instructed the jury as to the grade of the offense for which a conviction should be had if the jury entertained a reasonable doubt as to its degree. The instruction on that point was No. 6, and it said: "The court instructs the jury that if the jury believe beyond a reasonable doubt that the defendant has been proven guilty of a public offense but have a reasonable doubt of the degree of such offense they will find him guilty of the offense defined in instruction No. 2." That instruction put the jury at large to determine whether the defendant was guilty of any sort of public offense, whether it was the one charged or a degree of it or not; and upon another trial the jury should be told, in substance, that if it should believe beyond a reasonable doubt that the defendant was guilty as charged in the indictment, but have a reasonable doubt as to the degree of the offense committed by him, i. e., whether it was done maliciously or in sudden heat and passion, they will find him guilty of the lesser one, that of shooting in sudden heat and passion. Perhaps the error in instruction 6 might not alone be sufficient to authorize a reversal of the judgment because defendant was convicted of the lesser offense, but, because of the necessity of another trial, we have deemed it proper to point out the error.

For the reason indicated, the judgment is reversed with directions to grant the new trial and for proceedings consistent herewith.