## Napier v. Commonwealth.

(Decided October 8, 1926.)

### Appeal from Breathitt Circuit Court.

1. Criminal Law.—Credibility of witnesses is for jury, whose verdict cannot be set aside, unless palpably against the evidence.

2. Indictment and Information.—Special demurrer admitting facts pleaded in indictment held properly overruled as against objection that offense was committed in county other than alleged.

3. Criminal Law.—Under Ky. Stats., section 1146, court of county in which indictment was found properly retained jurisdiction, notwithstanding dispute developed as to whether shooting occurred in that or another county.

4. Criminal Law.—Admission of irrelevant and incompetent testimony concerning other difficulties in rebuttal of like irrelevant testimony introduced by defendant himself held not reversible error.

5. Criminal Law—Argument that Defendant's Sole Witness was "Another Criminal," etc., Held Reversible Error.—Where defendant had but one corroborating witness, prosecuting attorney's argument that such witness was "another criminal, that he was facing a murder trial, that he and defendant were logrolling for

each other, and that the community would be better.off when they were in the penitentiary," held reversible error.

SOUTH STRONG for appellant.

FRANK E. DAUGHERTY, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellant, having been convicted of the offense of malicious shooting and wounding and sentenced to two years in the penitentiary, brings this appeal from the judgment.

His first ground for reversal is that the verdict is flagrantly against the evidence. There were but four witnesses who testified about the facts of the shooting. Two of these, Billie Noble, the victim of the shooting, and his wife, Bertha Noble, testified for the Commonwealth. If their testimony is to be believed, the shooting was without excuse. The other two witnesses, the appellant himself and Brownlow Neace, testified for the appellant. If their testimony is to be believed the shooting was done in self-defense. The credibility of the witnesses is for the jury, and its verdict cannot be set aside, unless it is palpably against the evidence. Winchester v. Commonwealth, 210 Ky. 685, 276 S. W. 575; Deaton v. Commonwealth, 211 Ky. 651, 277 S. W. 1001. As the verdict in this case is not palpably against the evidence, the first ground for reversal is without merit.

Appellant next contends that his special demurrer to the indictment should have been sustained. He bases his argument on the proposition that the shooting occurred in Perry county and not in Breathitt, where this prosecution was instituted and tried. However, the indictment avers that the shooting occurred in Breathitt county. As the special demurrer admitted the facts pleaded in the indictment, it was necessarily and properly overruled. It is true that when this case came on to be tried the proof developed a dispute as to whether the shooting occurred in Breathitt county or in Perry county. But the court properly ruled that under the provisions of section 1146 of the Kentucky Statutes Breathitt county had jurisdiction since it was the county in which the indictment was found.

It is next contended that irrelevant and incompetent evidence was admitted over appellant's objection. The

evidence complained of was irrelevant and incompetent, but, as the bill of exceptions shows, it was introduced in rebuttal to like irrelevant testimony introduced by appellant himself. Although we cannot reverse the case on this ground, yet as there must be another trial of it, the trial court will exclude all this evidence relating to the troubles and fights that occurred between Noble and Napier after the shooting here involved.

Lastly it is contended that the Commonwealth's attorney was guilty of improper argument. Appellant is correct in this position. The bill of exceptions shows that the Commonwealth's attorney in his closing argument, when commenting on the testimony of Brownlow Neace, appellant's only corroborating witness of the facts of the shooting, said:

"Here comes Brownlow Neace, another criminal, and testifies for the defendant Napier. They are here log-rolling for each other and this defendant Napier will be a witness for him. Brownlow Neace faces a murder trial in this court. They are both criminals and this community will be better off when they are both in the penitentiary."

There is no evidence whatever in the record that Brownlow Neace had ever been convicted of a felony or was a criminal or was facing a murder trial in the Breathitt or any other circuit court. Indeed any proof of this last fact, if it was a fact, would not have been competent. When it is considered that there were but four witnesses who testified or who could testify about the facts of this shooting, and that one of them was the victim and that another of them was the appellant, the destruction of the character of the witness who corroborated appellant necessarily left him in a very hazardous position. Indeed the purpose of the Commonwealth's attorney's attack on Neace was to put appellant in such a position. Due to his position in the community, the statements of a Commonwealth's attorney carry great weight with a jury. An unwarranted attack, such as we have here, carrying such weight, must necessarily be very prejudicial. It results therefore that the judgment in this case must be reversed, with instructions to grant the appellant a new trial in conformity to this opinion.

Judgment reversed.