## Dugger v. Commonwealth.

(Decided December 2, 1927.)

## Appeal from Bell Circuit Court.

1. Criminal Law.—In prosecution under Ky. Stats., sec. 1160, as amended by Laws 1922, c. 61, for assault with offensive weapon and with intent to rob, requiring accused to state, over his objection, that two men whom he contended committed the crime were same men who had theretofore been tried for the crime was error, since evidence of conviction or acquittal of another for same crime is not competent against one on trial.

2. Criminal Law.—In prosecution under Ky. Stats., sec. 1160, as amended by Laws 1922, c. 61, for assault with offensive weapon with intent to rob, where two men had been jointly charged with the crime and accused with having done it alone, and on trial of latter, evidence being circumstantial, statement of attorney for commonwealth that the two others had been acquitted, where not shown by record, was prejudicial as an implication of accused's guilt requiring reversal.

J. E. ROBINSON, J. G. ROLLINS, J. D. FUGATE, J. T. STAMPER, and TUGGLE & TUGGLE for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

Appellant was indicted in the Bell circuit court, charged with an assault upon John Hawkins with an offensive weapon, and with felonious intent to rob or commit robbery upon the person of Hawkins, as denounced by section 1160, Ky. Stats., as amended by an act of March 23, 1922 (Laws 1922, c. 61).

He was found guilty in that court and sentenced to 10 years' imprisonment, from which judgment this appeal is prosecuted.

A short statement of the material facts leading up to the actual transaction involved is deemed necessary to a correct understanding of the only questions that will be considered.

Appellant and Hawkins were each coal miners in Harlan county, and had known each other for several months. Appellant's home, however, was in Knox county, a few miles from Corbin. Early in February,

1926, while they were in Harlan county, the two became infected with the Florida fever, and agreed to go together to that state, and in so doing to use a motorcar owned by appellant which was at his home in Knox county. Accordingly they proceeded to Knox county and started from there in his car to Florida. They appear to have been in no great hurry, for they spent two or three days in and about Corbin and London; they then proceeded to Jellico and its vicinity, and there likewise remained a while, but finally got as far south as Knoxville. There they abandoned their Florida trip and started back to Kentucky, but again tarried two or more days at or about Jellico.

On the 10th of February they left the vicinity of Jellico on their return to Corbin, and reached Pineville late in the night. After remaining there a short time they started north to Corbin. The next morning about daylight the battered and bruised body of Hawkins was found on a brush pile which had lodged up against the middle pier of a bridge across the Cumberland river in Knox county, near the Bell county line. He had been struck with some blunt instrument, at least three times, over and about the head, and there was blood on the railing of the bridge directly over where he was found, indicating he had been pitched over the railing. He was taken from the river to a hospital in Pineville in a serious condition, and remained in that hospital for more than two months and until after appellant's trial, and gave his evidence before the jury at the hospital.

It is the theory of the commonwealth that the assault was made by appellant on Hawkins while the parties were yet in Bell county, and that thereafter he was taken into Knox county and thrown over the bridge into the river, and there appears to be sufficient evidence of this theory to fix the venue in Bell county.

Appellant's theory, however, is and his evidence is to that effect, that while he and Hawkins were in Pineville on their way to Corbin, two young men asked them to permit them to ride to Corbin with them, and being given such permission the two entered the car on the rear seat while appellant and Hawkins were on the front seat, appellant driving. He states that just after they entered the bridge over the Cumberland river one of the parties on the rear seat placed a pistol to the back of appellant, while the other proceeded to assault Hawkins with his pis-

tol by beating him over the head with it; that after Hawkins was seriously injured and apparently unconscious, the two on the rear seat robbed both Hawkins and appellant, and then they took Hawkins out of the car and pitched him over the railing of the bridge. He states that the two then commanded him to drive them back south through Pineville and Middlesboro to a point beyond the latter place where they left the car, but required him to drive on south. He states that he did continue south after the two left the car, for a mile or two, but then turned back north and reached Pineville about daylight where he immediately notified persons that his friend had been assaulted, robbed, and pitched into the river, and immediately sought the officers of the law both to search for his friend and seek the two robbers, and the latter statements of the defendant are very well corroborated.

Appellant, however, was arrested and placed in jail himself, charged with the crime, but two or three days thereafter the officers got word that two men were under arrest at Berea, in Madison county, and for some reason they were suspected of being the two described by appellant. Appellant, when being informed of this, agreed with the officers that he would pay for a car to take them to Berea and would accompany them and see whether they were the two men. He did accompany them and identified the two under arrest at Berea as the two men who committed the assault and robbed him and Hawkins.

It is proper to state that when Hawkins testified upon the trial he remembered nothing that had taken place, and practically nothing after they left Pineville, he being drunk when they left there. He did not state that appellant had assaulted him, or that anybody else had, but did say that he had been assaulted and was thereafter for a while unconscious. A reading of his testimony discloses beyond peradventure that at the time he gave it his state of mind was such that his testimony could have been of value neither to the commonwealth nor the defendant, except the fact that he and defendant came that night to Pineville together and left there together. His testimony as to whether the other two men ever got into the car is likewise hazy and unsatisfactory, but upon the whole it is to the effect that he had some hazy recollection of two other men getting into the car.

It is thus shown that the evidence against appellant as to the commission of this assault and robbery was al-

most wholly, if not entirely, circumstantial, while his statement as to the other two men getting into the car is, in a measure, corroborated by Hawkins.

The two men arrested at Berea were brought back to Pineville, and we are informed in the briefs that they were tried and acquitted, charged with this crime. There is however nothing in the record to show that they were acquitted, although defendant, over his objection, was required to state that they were the same two men who had theretofore been tried for this same crime.

Notwithstanding there was no evidence that they had been acquitted, the county attorney in the argument of the case made this statement to the jury:

"Dugger says McIntosh and Bishop robbed this man. You know, gentlemen of the jury, that it is shown from the evidence in this case that McIntosh and Bishop have been tried and acquitted in this court."

The defendant objected to this statement in the argument, and moved the court to set aside the swearing of the jury and continue the case, which motion was overruled and an exception saved, the court only saying, "The jury heard the evidence."

So that we have two men charged jointly with the commission of the crime, and another charged with having done it alone, and on the trial of the latter, the evidence against him being only circumstantial, the attorney for the commonwealth goes outside of the record and volunteers to tell the jury that the two charged with the commission of the crime by the other, who is also charged, had been acquitted. In the first place, the court erred in requiring the defendant to prove that the other two charged with the same crime had been tried, for evidence that another, charged with the same crime for which defendant is being tried, had been either convicted or acquitted is not competent against the one on trial.

But, in any event, the action of the county attorney in stating that the evidence showed a thing which it did not show and which it could not properly have shown, under the facts of this case was necessarily prejudicial. His statement carried with it the implication that as the other two had been acquitted upon a trial, it followed as a matter of course appellant was guilty, he being the only other person who was present.

Many other questions are discussed in the briefs, none of which are now passed upon, but for the purposes of this appeal we deem it necessary only to declare that this action of the prosecuting officer was flagrantly prejudicial to the substantial rights of appellant.

The judgment is reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.