## McHargue v. Commonwealth.

(Decided March 17, 1931.)

24

C. C. WILLIAMS and W. N. FLIPPIN for appellant.

J. W. CAMMACK, Attorney General, and GEORGE H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE LOGAN— Affirming.

The facts in this case are correctly stated in the opinion on the former appeal found in 231 Ky. 82, 21 S. W. (2d) 115, wherein the judgment was reversed because the verdict was not supported by the evidence. It was held in that opinion that appellant could be con-

victed of no greater offense than manslaughter. At his last trial he was convicted of that offense and his punishment fixed at fifteen years in the penitentiary. There are mitigating circumstances which makes it appear that the sentence is a hard one, as appellant at the time of the offense was in such a state of mind that he acted in accordance with natural human impulses. He was preparing to eat his noon day meal which he had brought with him, on the lower floor of the building wherein the offense was committed, when he heard some one cry out that Mullins, the man who he killed, had killed his brother by striking him and bursting his brains out. He rushed to the second floor of the building where his brother was, and found him lying on the floor with his head bloody and Mullins, according to the commonwealth, was turning away with a spade or shovel in his hand, when appellant shot him and killed him. According to the evidence for appellant, Mullins was standing over his brother with the drawn instrument in the attitude of striking the man lying on the floor prostrate and bleeding when appellant shot him. The question was one for the jury, but counsel for appellant have brought to the attention of the court alleged errors which they rely on for a reversal.

The first relates to the admission of evidence. A witness named Van McBee was asked if he did not hear some one say, "I don't want any trouble with you, we are brother juniors." The witness was then asked to give his opinion as to who it was that made the statement, and the court declined to allow him to express an opinion about the matter. This was not error. The witness could have stated that he recognized who spoke by the voice, or by any other means of knowledge which conveys identity, but he did not claim that he knew who made the statement. It was held in the case of Howard v. Commonwealth, 227 Ky. 142, 12 S. W. (2d) 324, that the testimony of a witness some distance from the homicide, and not in sight thereof, that she heard some unidentified person shouting to the defendant not to shoot, was incompetent. An examination of the testimony given by McBee discloses that he did not state that he heard some one make the statement quoted above but, on the other hand, he stated that he remembered nothing other than that he heard them mention something about being "junior" brothers. He also stated that he

could not tell who it was that made the statement about their being "junior" brothers, and it was then that the question was asked requiring him to give his opinion as to who it was that made the statement. If he had been allowed to answer the question, it would have thrown no light on the manner of the homicide. Besides, there was no avowal as to what the witness would have stated if he had been allowed to answer.

The witness Jack Allen was asked whether he had stated on a certain occasion, and in the presence of certain witnesses, that if it was not for the law, he would whip Jim McHargue. Jim McHargue was the brother of appellant, and the man who was struck by Mullins The witness admitted that he made the statement. He was then asked if the only reason why he did not whip Jim McHargue was because he was afraid of the law, and the court sustained an exception to the evidence. The evidence could have been competent for no purpose except to show the feeling of the witness towards Jim McHargue, who was not on trial. He answered the question, however, admitting that he had made such a statement, and appellant could not have been benefited in any way by allowing him to answer the question that the only reason why he did not whip Jim McHargue was because he was afraid of the law. There is no avowal as to what the witness would have answered, but whether he answered one way or another was unimportant.

An effort was made to obtain a jury in Rockcastle county where the homicide was commited. Nine jurors had qualified for jury service but had been accepted by neither side. At this stage of the trial the court discharged the nine and directed a jury to be summoned from Madison county. The order of the court directing the summoning of jurors from another county gives as a reason for the order that the case had been given much publicity on account of the former trial and that Mullins belonged to a large and prominent family, and that all of the regular panel except one member had heard the case discussed, and that the court had made a bona fide effort to secure a jury in Rockcastle county, and that, in his opinion, the rights of all parties could be better served by securing a jury from another county. Complaint is made about the conduct of the court in making this order, and in discharging the nine jurymen who had qualified for jury service. In the case of Neal v. Commonwealth,

233 Ky. 533, 26 S. W. (2d) 23, it was held that the trial court erroneously directed the sheriff of another county to summon a jury from an adjoining county to try the defendant in the county where the offense was committed. But this court held that, notwithstanding the error of the trial court, it was not reviewable by this court, because of the provisions of section 281 of the Criminal Code of Practice. Section 194 of the Criminal Code of Practice contains authority for the summoning of a jury from another county, and the matter is lodged with the trial court, and he may direct such steps to be taken in the exercise of a sound discretion, but, if he fails to exercise a sound discretion, this court is without power to review his erroneous action. We do not mean to say that the action of the trial judge in this case was erroneous, or that he abused his discretion in having a jury obtained from another county.

But it is further urged that it was an error of which this court can take notice when the trial court discharged the nine persons who had qualified for jury service, but that question was passed on by this court in Ellis v. Commonwealth, 146 Ky. 715, 143 S. W. 425, and it was held that we could not review such an action of the court because of the provisions of section 281 of the Criminal Code of Practice. The only difference between the Ellis Case and the one before us was that four persons had qualified for jury service in that case when the court discharged them and directed that a jury be obtained from another county, while here there were nine.

Complaint is made about the conduct of the trial judge. It is said that he constantly referred to the style of the case as a charge against appellant for willful murder, and that the effect of this was to prejudice the minds of the jurors, when, as a matter of fact, on the second trial appellant could be convicted of no offense other than manslaughter. The indictment as it stood on the record was an indictment for murder, and, in referring to it as such, the court was only speaking from the records. He spoke officially through his instructions, about which there is no complaint. The bill of exceptions shows that, when the presiding judge was stating the nature of the case to prospective jurors after they had been called, he said: "The case you are called on to try is an indictment against the defendant, Charles

McHargue, for willful murder.'' It is also said in the bill of exceptions that the court repeated the statement during the progress of impaneling the jury. We fail to see how the jury could have been influenced by this statement made by the trial judge. If it made any impression on the minds of the individual jurors, it was certainly removed when the instructions were given. We must conclude that jurors reason in a logical manner, and, if they obtained the impression that appellant was under trial for murder and later were told by the court, in his instructions, that he could only be convicted of manslaughter, naturally the jury would have thought that the evidence had induced the court to change his mind about the crime of which appellant might be found guilty. We perceive no way in which this could have been prejudicial.

In his closing argument to the jury, employed counsel, representing the commonwealth said: ''The defendant is guilty of murder and if permitted under the instructions, you would be justified in finding him guilty of murder.'' Counsel for appellant have carefully examined the opinions of this court, and have brought together all of them wherein the court has condemned the argument of attorneys representing the commonwealth. They have overlooked few, if any. They rely on the following cases: McHargue v. Commonwealth, 231 Ky. 82, 21 S. W. (2d) 115; Winkler v. Commonwealth, 229 Ky. 708, 17 S. W. (2d) 999; Cook v. Commonwealth, 86 Ky. 663, 7 S. W. 155, 9 Ky. Law Rep. 829; Pack v. Commonwealth, 225 Ky. 340, 8 S. W. (2d) 422; Dugger v. Commonwealth, 222 Ky. 169, 300 S. W. 344; Little v. Commonwealth, 221 Ky. 696, 299 S. W. 563; Napier v. Commonwealth, 215 Ky. 847, 287 S. W. 21; Jones v. Commonwealth, 191 Ky. 485, 231 S. W. 31; Rhodes v. Commonwealth, 107 Ky. 354, 54 S. W. 170, 21 Ky. Law Rep. 1071, 92 Am. St. Rep. 360; Greenwell v. Commonwealth, 125 Ky. 204, 100 S. W. 852, 30 Ky. Law Rep. 1282; Mount v. Commonwealth, 120 Ky. 398, 86 S. W. 707, 27 Ky. Law Rep. 788; Foure v. Commonwealth, 205 Ky. 62, 265 S. W. 443; Foure v. Commonwealth, 214 Ky. 620, 283 S. W. 958; Gillis v. Commonwealth, 215 Ky. 302, 284 S. W. 1080; Stewart v. Commonwealth, 185 Ky. 34, 213 S. W. 185; Baker v. Commonwealth, 210 Ky. 524, 276 S. W. 550; Bailey v. Commonwealth, 193 Ky. 687, 237 S. W. 415.

The commonwealth relies on Cox v. Commonwealth, 209 Ky. 787, 273 S. W. 515; Hourigan v. Commonwealth, 94 Ky. 520, 23 S. W. 355, 15 Ky. Law Rep. 265; Ray v. Commonwealth, 43 S. W. 221, 19 Ky. Law Rep. 1217; Thomas v. Commonwealth, 196 Ky. 539, 245 S. W. 164.

An analysis of these cases is unnecessary. The court has always diligently sought to allow the attorney for the commonwealth such latitude as would enable him to fairly present the evidence and all reasonable deductions therefrom, and, at the same time, prevent his going out of the record or indulging in inferences not reasonably deducible from the evidence and circumstances disclosed to the jury. The statement of the attorney representing the commonwealth amounted to no more than a statement of the inference which counsel thought he could deduce from the evidence. It is true he said that the defendant was guilty of murder, and that the jury would be justified in finding appellant so guilty if the instructions permitted. He should not have said that the defenant was guilty of murder, because he knew that under the law as given to the jury by the trial court appellant could be guilty of no greater offense than manslaughter. It cannot be said, however, that this statement had any effect whatever on the result of the trial. It is not possible for an attorney in the heat of an argument to carefully select his words in presenting the case of his client to the jury, and, where it is apparent that the statement was inadvertent and that no right of the appellant was prejudiced by the statement, it would be unreasonable, as well as unauthorized, for this court to reverse a judgment because thereof. No objection is made to the argument of counsel representing the commonwealth other than the objection to the one sentence quoted. There was a time when the Code mandatorily required a judgment of conviction to be reversed for any error of law appearing on the record, but more than a half century ago, to be exact on March 4, 1880, the General Assembly placed in the Criminal Code as one of its sections, as a guide in the consideration of criminal cases on appeal, the provision that a judgment of conviction shall be reversed for any error of law appearing on the record if, upon consideration of the whole case, the court is satisfied that the substantial rights of the defendant have been prejudiced by the error. Criminal Code Practice, sec. 340. Appellant was previously tried, and the

30

prevailing error in that record was that the evidence was not sufficient to support a verdict finding appellant guilty of murder. He had been found guilty of murder and his punishment fixed at life imprisonment. This court said that he could be found guilty of no greater offense than manslaughter, and, on the last trial, the jury did not give him the maximum sentence for manslaughter. Thus he has been tried twice by juries, one selected from his own county and another from Madison county. He has been convicted twice on substantially the same evidence, and we find no prejudicial error which would justify a reversal of the judgment.

Judgment affirmed.