CASE 26—INDICTMENT—JANUARY 24.

# Commonwealth v. Davidson.

APPEAL FROM CLARK CIRCUIT COURT.

CONSTITUTIONAL LAW—CHANGE OF VENUE BY COMMONWEALTH.—The Legislature may, by a general law, provide for a change of venue in criminal cases upon the motion of the Commonwealth where an impartial trial can not be had in the county where the prosecution is pending, as where the officers of the law are deterred by lawless men from summoning impartial jurors, or where the jury would be deterred by lawless men from rendering an impartial verdict. And in such cases the Commonwealth may have a change of venue to the nearest county where an impartial trial can be had. Section 12 of article 13 of the Constitution of Kentucky, which secures to the ac-

Commonwealth v. Davidson.

cused the right "to a speedy public trial by an impartial jury of the vicinage," was not intended to prohibit the Legislature from providing by a general law for a change of venue upon the motion of the Commonwealth where it is necessary to an enforcement by the Comwealth of its laws.

P. W. HARDIN, ATTORNEY-GENERAL, AND J. P. MARRS FOR APPELLANT.

No brief in record.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee was indicted in the Perry Circuit Court, charging him with the crime of murder in said county. The Commonwealth's attorney for said district, pursuant to the act of the Legislature approved May 26, 1890 (Acts 1890, vol. 1, page 164), made a written statement that there existed in said county such lawlessness by the friends, relations and sympathizers of the appellee that the officers in said county were prevented from discharging their duties, and which would deter the trial jury from rendering a fair and impartial verdict in said case; also that the same condition existed in the counties of Bell, Leslie, Harlan, Knox, Clay, Jackson, Owsley, Estill, Powell, Wolfe, Breathitt, Knott, Perry and Letcher. Thereupon the court ordered a change of venue to the Clark Circuit Court. The case having been transferred to the latter court, the Commonwealth's attorney for that district moved the court to remand the case back to the Perry Circuit Court, upon the ground that the act authorizing said change was unconstitutional. So the constitutionality of the act is the only question to be decided.

The sections of the Constitution upon that subject are as follows:

Article 2, section 38: "The General Assembly shall

not change the venue in any criminal or penal prosecution, but shall provide for the same by general laws."

Article 13, section 12: "The accused has a right * * to a speedy public trial by an impartial jury of the vicinage."

Section 38, quoted, is mandatory upon the Legislature to provide by general law for the change of venue as well on behalf of the Commonwealth as on behalf of the accused. But does section 12, quoted, by providing that the accused shall have the right to a trial by an impartial jury of the vicinage, confine the right of the Commonwealth to provide for a change of venue on behalf of the accused only? The greater likelihood of the accused being able to get his witnesses before the jury, and at less expense, and of the jury's knowledge of their good characters, as well as that of his own good character—if one he has established— were doubtless the considerations that induced the adoption of said provision. But does said provision exclude the Commonwealth from taking a change of venue under any and all circumstances? If it does, said section 38 is rendered nugatory, so far as the Commonwealth is concerned, by implication. For the reasons indicated it was certainly the intention to secure to the accused the right to an impartial trial by a jury of the vicinage or county, and to prohibit the Commonwealth from changing the trial to another county, and thus annoy and harass the accused, unless it was necessary to preserve and enforce its authority. The two sections thus construed, the former is not rendered nugatory, but the Commonwealth is

Commonwealth v. Davidson.

limited by the latter to the right to a change of venue to the single instance of the necessity of preserving and enforcing its authority. While the right is expressly given to the accused to a trial by a jury of the vicinage or county, it seems that each citizen should be deemed to have consented that the Commonwealth should reserve the power to enforce its laws; and if it should become essential to their enforcement that the Commonwealth should take a change of venue, the same should be done. Hence, that right is reserved by the 38th section quoted, and the 12th section quoted limits the power to that state of case. To illustrate, if an impartial jury can not be obtained in the county, the Commonwealth, notwithstanding the objection of the accused, has the right to obtain a jury from the next nearest county where that feeling does not exist. It is true that in such case the trial takes place in the vicinage or county, but the jury are not of the vicinage or county, but the right of the Commonwealth to thus obtain a jury has never been questioned, and it is so clearly the right of the Commonwealth it is believed it will never be seriously questioned. The law, in certain conditions, could not be enforced without this right. Without it, crime would go unpunished. Imagine the pitiableness of society with the accused, his friends, relations or sympathizers, impregnating the public mind with prejudice to such an extent that an impartial jury could not be obtained in the vicinage, and then the trial of the accused by those men, else not at all; or the vicinage becoming submerged by a lake of water, or by a volcanic eruption, thereby depopulating the vic-

inage, and rendering it impossible to try the accused therein.

In the first-named case it would be clearly the right of the Commonwealth to resort to the next nearest county, where that condition did not exist, to obtain a jury. In the second case the Commonwealth should have the right to resort to the next county where she could obtain a footing to try the accused. The right of the Commonwealth in each case exists upon the ground of the necessity of preserving and enforcing its authority. So, also, if by the agency of a confraternity of lawless men the officers of the county whose duty it is to assist in the trial of the accused are prevented from discharging that duty, or any jury that might be intrusted with his trial are deterred from rendering an impartial verdict, thereby rendering the authority of the Commonwealth powerless in said county, the Commonwealth, in such case, has a right to a change of venue to a county where that condition does not exist. It is a trial by an impartial jury of the vicinage that is guaranteed to the accused, not a partial jury, nor a jury deterred by lawless men from rendering an impartial verdict, nor such a jury as the officers of the law, who are prevented by lawless men from summoning impartial juries, would select. If the former can not be obtained in the county, the Commonwealth may resort to another county for such jury to try the case in said county. In this state of case, where the Commonwealth has the power to assert its authority, it is essential to take the jury to said county in order that the accused may have the benefit of a less expensive trial

than he would have in any other county; and also where he may have, though in a less degree, the benefit of his own good character, or that of his witnesses, if any he or they have, preserved. In such case the accused is deprived of the full benefit, so far as a presumable knowledge of his or his witnesses' characters are concerned, by being tried by a jury that do not reside in the vicinage; but as he is entitled to the observance of this special right upon the condition that an impartial jury can be obtained in the vicinage to try him, the observance of the right ceases when such jury can not be obtained therein. Hence, the Commonwealth has the right to resort to the next county wherein such jury may be obtained. If this were not so, the accused, in such case, could mock justice, and defy the authority of the Commonwealth with impunity. So also, in the latter two cases, where, owing to the lawlessness existing in the vicinage, the Commonwealth is powerless to assert its authority to the end of obtaining a trial of the accused by an impartial jury therein, the same reason exists for the Commonwealth taking a change of venue to a county where that condition does not exist. We conceive this to be the meaning of the two sections quoted.

The judgment is affirmed.