## Neal v. Commonwealth.

(Decided February 11, 1930.)

534

E. POE HARRIS, A. N. CISCO and S. J. PARKE for appellant.

J. W. CAMMACK, Attorney General, and M. B. HOLIFIELD, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Affirming.

Upon the fourth trial of the appellant, Charles W. Neal, he has been found guilty for the third time of manslaughter, and he appeals from the judgment sentencing him to serve 17 years in the penitentiary.

On the first trial the jury disagreed. A verdict of guilty on the second trial was set aside by the lower court upon a supplemental motion for a new trial. See Commonwealth v. Neal, 223 Ky. 665, 4 S. W. (2d) 685. The third judgment was reversed in Neal v. Commonwealth, 229 Ky. 832, 18 S. W. (2d) 314, because of erroneous instructions. A statement of the facts is given in the last opinion, and repetition is unnecessary.

The case coming on for trial again at the September term, 1929, of the Boyd circuit court, the court entered an order directing the sheriff of Carter county to summon fifty persons for jury service in the case. The defendant at the time objected and excepted to the order. When the veniremen appeared, he moved to set aside and discharge the entire panel; but the motion was overruled, and he undertook to except to that decision of the court.

The section of the Criminal Code of Practice under which the court acted is 194, which is here quoted for convenient reference: "If the judge of the court be satisfied, after having made a fair effort, in good faith, for

that purpose, that, from any cause, it will be impracticable to obtain a jury free of bias in the county wherein the prosecution is pending, he shall be authorized to order the sheriff to summon a sufficient number of qualified jurors from some adjoining county in which the judge shall believe there is the greatest probability of obtaining impartial jurors, and from those so summoned the jury may be formed.''

The court acted well within his discretion in ordering a jury panel from an adjoining county. Brafford v. Commonwealth, 16 S. W. 710, 13 Ky. Law Rep. 154; Bowman v. Commonwealth, 146 Ky. 486, 143 S. W. 47. But he had no authority to order or empower the sheriff of that county to summon them.

Section 196 gives to the sheriff local to the court extraterritorial authority in such cases. No authority is granted the sheriff of the adjoining county by reason of his office to summon them, but under section 193 the court may designate him or any other person to summon petit jurors. When so designated, he must be duly sworn in open court to discharge his duty faithfully and impartially. In this instance the sheriff of Carter county was not so qualified, and the result was that the venire from that county appeared in Boyd county without having been summoned according to law. The accused had the right to have the jury before which he must come to trial summoned by an officer of the court trying him and by no other. While there is nothing in the record to indicate that these men were not in every respect qualified as jurors and the verdict does not reflect any actual prejudice or harm—three other juries also having found the defendant guilty and at least one of them inflicted a heavier penalty—nevertheless these procedural laws were intended to be and should be given effect, and there was a violation of the appellant's statutory rights.

If this were a civil case, the error could be considered by this court (Louisville & N. R. Co. v. King, 161 Ky. 324, 170 S. W. 938; Louisville & N. R. Co. v. Messer, 165 Ky. 506, 176 S. W. 1200); but being a criminal proceeding, anomalous as it is, this court, by the express mandate of section 281 of the Criminal Code of Practice, has no power to review the action of the trial court. The order and its execution were but steps in the proceedings which resulted ultimately in the selection of the twelve men who tried the accused. The method of selecting jurors is minutely set forth in the statutes, and after

being so chosen the jury is hedged about with protection from interference or influence. In homicide cases of this kind and some others, the jurors are required to be kept together as virtual prisoners, incommunicado with the outside world except in the presence and hearing of the sheriff. Where there has been any opportunity afforded from which it is reasonable to assume that any one member of the jury has been influenced, or where any of them has been guilty of misconduct, his act may be considered and the judgment of conviction reversed because of it if the lower court has not ruled properly regarding the act. But the Legislature has not seen proper to afford a review of any act or condition before its selection which might affect the fairness and impartiality of the jury. Up to the moment of being sworn, an objection to any member of the panel by reason of improper selection, bias, impartiality, or misconduct addresses itself solely to the trial judge, and his action upon that objection is not the subject of review by this court. McKinzie v. Commonwealth, 193 Ky. 781, 237 S. W. 386.

Before 1854 the right of appeal in felony cases in Kentucky was denied. From time to time the right has been enlarged, until at present all decisions of the trial judge are subject to exception and review except upon challenges to the jury panel or to individual veniremen for cause or upon motions to set aside an indictment. The most recent extension of this right was made by the General Assembly in 1910 (Acts 1910, c. 92), when it authorized an appeal from an order overruling a motion for a new trial. Counsel for appellant express their familiarity with this inflexible law, but argue the error in overruling the motion for a new trial should be considered. But the removal of the restriction did not enlarge the power of this court to consider a ruling of the lower court respecting the impaneling of the jury. To give the statute that interpretation would be to do indirectly what the court is prohibited from doing directly. Keller v. Commonwealth, 230 Ky. 815, 20 S. W. (2d) 998.

In Curtis v. Commonwealth, 110 Ky. 845, 62 S. W. 886, 23 Ky. Law Rep. 267, the method provided by law for the selection of qualified and impartial jurymen was ignored and a jury was selected by the judge himself. Although clearly erroneous, it was shown by an elaborate consideration of the authorities that this court had no power to review the action. In Thurman v. Com.,

154 Ky. 555, 157 S. W. 919, some members of the jury had been summoned by a deputy sheriff who had not been sworn at the beginning of the term as required by section 2262 of the Statutes. This afforded a challenge for cause, but the trial court's ruling was not subject to a valid exception. The cases construing and applying this Code provision are legion. A few of them in which the rule was applied to somewhat similar states of fact and the subject treated more or less at length are Daniel v. Commonwealth, 154 Ky. 606, 157 S. W. 1127; Deaton v. Commonwealth, 157 Ky. 308, 163 S. W. 204; Frasure v. Commonwealth, 169 Ky. 620, 185 S. W. 146; McLaughlin v. Commonwealth, 192 Ky. 203, 232 S. W. 628; and Lake v. Commonwealth, 209 Ky. 832, 273 S. W. 511. It follows therefore that, however erroneous or prejudicial to the accused the action of the trial court in this regard may be, it cannot be reviewed on appeal.

The only other ground assigned as a reason for reversing the judgment is that in answer to a question on cross-examination, the coroner voluntarily stated: "The inquest showed that the man that fired the shot was on the side of Millard Walker and higher; now that is what the inquest showed." The court, on its own motion, instructed the jury not to regard that statement. The attorney for the prosecution, however, immediately asked: "When you say inquest you mean the examining trial?" The witness answered: "I mean the post-mortem. Q. Examination? A. Yes, post-mortem examination." The objection of the defendant was overruled. It is considered error to permit a witness to express an opinion, based on the range of the bullet, as to the relative positions of the parties. Ge Burk v. Commonwealth, 153 Ky. 264, 155 S. W. 381. Underhill's Criminal Evidence, sec. 491; 30 C. J. 202. There was a conflict in the evidence as to whether or not the accused was in his yard at a much higher elevation than the road where the deceased was when he was shot, and it was improper for counsel representing the commonwealth to emphasize the remark after the court had excluded it. However, this error could not have been prejudicial, and for that reason the court is not authorized to reverse the judgment because of it.

The judgment must be, and is, affirmed.