## Alsept v. Commonwealth.
(Decided Nov. 11, 1932.)

A. F. BYRD, A. H. ALLEN, and JOHN M. DUNN for appellant.

BAILEY P. WOOTTON, Attorney General, and FRANCIS M. BURKE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

On Sunday June 14, 1931, Kash Alsept wounded his double first cousin, Robert Alsept, by shooting him with a pistol from which shooting Robert died on July 19, 1931.

Kash Alsept, Johnny Alsept, and Tollie Davis were jointly indicted and charged with murder. They were tried together, Johnny Alsept was acquitted, Davis was given 2 years in the penitentiary, and Kash Alsept given 21 years. The two convicted men filed an elaborate motion for a new trial. A new trial was awarded to Davis and denied to the appellant.

Appellant has discussed much of the evidence to which the defendants had objected, but the questioned evidence as well as the whole of the dying declaration was admissible. We are, however, compelled to reverse this judgment for an error committed by the court in sending to Pike county for a jury.

Before the court can send to another county for a jury, a fair effort in good faith must have been made to obtain a jury free of bias in the county wherein the prosecution is pending. Section 194, Criminal Code of Practice. That means exactly what it says. See Brown v. Com., 49 S. W. 545, 20 Ky. Law Rep. 1552.

Courts have erroneously failed to follow this section of the Criminal Code of Practice in some instances heretofore, but by section 281 of the Criminal Code of Practice as it then was we were not allowed to reverse for such errors, but section 281 was amended by chapters 63 of the Acts of the General Assembly of 1932. It is true this slaying took place, and this trial was had before this amendment took effect, but this amendment did not make a failure to observe section 194 of the Criminal Code of Practice erroneous. It has always

been so, but previous to June 18, 1932, we were not permitted to reverse for such errors. Now we are.

There was some evidence of a conspiracy on this trial. No such instruction was given. Such can be given under this indictment. See Gilbert v. Com., 228 Ky. 19, 14 S. W. (2d) 194; Ray v. Com., 230 Ky. 656, 20 S. W. (2d) 484, 66 A. L. R. 1927. If upon the next trial the evidence warrants it, and the court instructs on conspiracy, that term should be defined, and such other and further instructions given as may be warranted.

The judgment is reversed.