## Benson v. Commonwealth.

(Decided May 23, 1933.)

BAILEY P. WOOTTON, Attorney General, and FRANCIS M. BURKE, Assistant Attorney General, J. B. SNYDER for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The propriety of the circuit court ordering the summoning of a jury from a county other than that in which the prosecution was pending is presented for decision.

Al Benson was one of ten persons charged with willful murder in the killing of James Daniels, a deputy sheriff of Harlan county, near Evarts in Harlan county, on the 5th day of May, 1931. On application of the commonwealth, the prosecution was, on motion for a change of venue, sent to Montgomery county for trial. The indictment was quashed, a new indictment returned, and the prosecution remanded by the Montgomery circuit court to the Harlan circuit court, where the defendant was tried, convicted, and his punishment fixed at confinement in the penitentiary for life. No criticism is made against the instructions and no ob-

.jection is urged against the sufficiency of the evidence to support a conviction. Benson here insists that the court improperly, and without authority in law, ordered .a jury from Woodford county, and contends that the order of court designating a "special elisor" to summon a special venire of fifty men from Woodford .county was improper and not authorized by law.

Section 194 of the Criminal Code of Practice reads: "If the judge of the court be satisfied, after having made a fair effort in good faith, for that purpose, that, from any cause, it will be impracticable to obtain a jury free of bias in the county wherein the prosecution is pending, he shall be authorized to order the sheriff to summon a sufficient number of qualified jurors from some adjoining county in which the judge shall believe there is the greatest probability of obtaining impartial jurors, and from those so summoned the jury may be formed."
Section 193 provides:

"The court may, for sufficient cause, designate some other officer or person than the sheriff to summon petit jurors, the officer or person designated being first duly sworn in open court to discharge the duty faithfully and impartially."

On the 5th day of January, the day this prosecution was called for trial, two orders of the court were entered concerning the summoning of a jury from a county other than that in which the prosecution was pending. The first order appearing in the record reads:

"Came the parties and announced ready for trial and it appearing that on account of the fact that many trials of defendants charged with murder in the cases of which this is one growing out of the Evarts troubles and the widespread notoriety and general information concerning same in this and adjoining counties, a jury to try this case cannot reasonably be procured in this and adjoining counties, it is ordered that a jury be summoned from another county and it appearing that a jury of fifty men has been summoned and is here from Woodford county to try the case of Commonwealth of Kentucky vs. Garrison Mills, and that said Mills .failed to appear, Leslie Ball is ordered to summon

a jury of fifty men from Woodford county to try this case.''

The second order is in this language:

"It appearing to the court that on the former trials of these cases, there having been had a trial by one jury from Harlan county and it being well known that a jury free from bias and prejudice could not be had from Harlan county, nor from any other county adjoining Harlan county for the trial of this case, it is now ordered by the court that a jury be summoned for the trial of this case from Woodford county, Ky., to which ruling of the court the defendant by counsel objected.

"J. H. Blair, Sheriff of Harlan county, being interested in the prosecution of this case and thereby disqualified, thereupon the court appointed L. B. Ball, as special elisor to summons a venire from Woodford county of fifty men, and the said L. F. Ball, being in open court was duly sworn as such as the law directs. To the appointment of the said L. F. Ball, the defendant by counsel objected. The said L. F. Ball is directed and ordered to summons immediately fifty men residents and housekeepers of Woodford county, Kentucky, above the age of 21 years, for jury service in this case.''

It will be observed that the only material difference between the two orders is: One recites "that a jury of fifty men has been summoned and is here from Woodford county to try the case of Com. v. Garrison Mills, and that said Mills fails to appear.'' It is argued that this order shows that fifty men from Woodford county were at the time of the entry of the orders, present in Harlan county, summoned to try a codefendant of Benson, and that this language in the order is equivalent to the court summoning the jury himself. It is also insisted that the presence of the fifty men from Woodford county, their association and mingling with the residents of Harlan county before the entry of the order directing a jury be summoned from Woodford county, disqualified them for jury service in the case.

As to the first contention, notwithstanding the quoted language in the order, both orders of court directed a jury of fifty men be summoned from Woodford county to try the case, thus leaving entirely to the

special bailiff the summoning of the fifty residents of Woodford county without regard to the criticized recitation of the order, and also without regard to their presence at the time in Harlan county. The orders do not direct that these residents of Woodford county be summoned for jury service. An examination of the jury on the voir dire after they were summoned was a test of their individual qualification, manifestly satisfactory to the defendant, for no objection is assigned to the qualification of any juror who sat in the case. We are unable to conceive that any right of the accused was affected, either directly or indirectly, by the recitation in the one order or by the fact fifty men from Woodford county were already present at the time of the entry of the orders. No reason is pointed out in briefs showing anything unfair or prejudicial by reason of the so summoning of the fifty men present at that time, of Woodford county, other than the fact one order contains the recitation concerning them. An accused is entitled to be tried before a jury composed of residents of the county in which the prosecution is pending, unless the court in the exercise of a sound discretion "be satisfied after having made a fair effort in good faith for that purpose" that for any cause it was impracticable to obtain a jury free of bias in that county. The recitation of the facts in the orders showing the previous trials in the same prosecution, the wide notoriety and general information concerning them in that and adjoining counties, are not here disputed by the accused. In the absence of an affirmative showing to the contrary, we are not authorized to presume that the facts set out in the orders were untrue, or that the court abused his discretion in directing a jury to be summoned from Woodford county. A change of venue had been granted, the prosecution remanded, and was pending in the county in which the offense was charged to have been committed. These facts, with the recitation in the orders that many of the trials of defendants in the case, charged with murder, growing out of the Evarts troubles, the widespread notoriety and general information concerning same in Harlan and adjoining counties, were assuredly sufficient to show a substantial ground for the action of the court, and a compliance with section 194 of the Criminal Code. In Daniel v. Com., 154 Ky. 601, 157 S. W. 1127, it was held that it was within the court's discretion on a prosecution for

homicide, after denying a motion for a change of venue, to order a jury of another county, if the court believed it impracticable. In view of the many trials of the defendants named in the indictment with Benson, it was within the discretion of the court to direct the summoning of a special venire from Woodford county, or a county in which impartial jurors might be found. The trials of the many cases growing out of the same killing and the hearing of the motion for a change of venue constituted, within the meaning of section 194, "a fair effort in good faith" to obtain competent jurors. Brown v. Com., 49 S. W. 545, 20 Ky. Law Rep. 1552; Bowman v. Com., 146 Ky. 486, 143 S. W. 47. The so ordering of a jury from Woodford county, in the circumstances, was not only not an abuse of discretion, but a discharge of a duty owing to both the accused and the commonwealth. Neal v. Com., 233 Ky. 533, 26 S. W. (2d) 23; Burns v. Com., 238 Ky. 446, 38 S. W. (2d) 229; McHargue v. Com., 239 Ky. 23, 38 S. W. (2d) 927; Taylor v. Com., 240 Ky. 450, 42 S. W. (2d) 689; Fletcher v. Com., 239 Ky. 506, 39 S. W. (2d) 972.

In Deaton v. Com., 157 Ky. 308, 163 S. W. 204, the circuit judge furnished a list of jurors residing in another county to the sheriff, with instructions to summons them as jurors. This we held was improper. At the time the Deaton Case was before this court, section 281 of the Criminal Code denied us the right to review the action of the trial court impaneling the jury. Section 281 was amended by chapter 63 of the Acts of the General Assembly of 1932, allowing this court to review the action of the trial court in the formation of the jury. Alsept v. Com., 245 Ky. 741, 54 S. W. (2d) 337. But this amendment does not abrogate section 194 and the construction thereof as it has been given by this court in the cases supra. Since the amendment of section 281, the rule that the court has the power to send to another county for a jury after making a fair effort, in good faith, to obtain a jury, free of bias, of the county wherein the prosecution is pending, still remains and controls in such cases.

The objection to the appointing of Ball as "special elisor" is equally as unsound as the contention that the court improperly ordered a jury from Woodford county. Section 193 of the Criminal Code expressly empowered the court to designate Ball and order him

334

to summon the jury from Woodford county, the sheriff of Harlan county being interested in the prosecution against the accused and thereby disqualified. The orders show that Ball was sworn in open court to discharge his duty as the law directs. The designating him as "special elisor" did not affect his right to act nor disqualify him. Ball was not a "special elisor," notwithstanding the order so designated him. Section 1597 authorizes the appointment by the circuit court of a suitable person, a citizen of the county, to act as elisor, and to permit him to qualify as therein directed, and when so appointed and qualified, he shall possess the authority conferred by this section of the statute for the period of one year, unless removed by the circuit judge.

The designation of Ball to summon a jury from Woodford county was not an effort on the part of the court to appoint an "elisor" under section 1597, Ky. Statutes, but was the exercise of the authority conferred upon the circuit courts by section 193 of the Criminal Code of Practice. The action of the circuit court in designating and directing Ball to summon a jury from Woodford county of fifty citizens, as it appears from the record, was fully authorized by, and a substantial compliance with, sections 193 and 194 of the Criminal Code of Practice, and was in no way prejudicial to the substantial rights of the accused.

No other error being complained of, the judgment is affirmed.