## Carter v. Commonwealth.
(Decided March 9, 1937.)

TANNER OTTLEY for appellant.

B. M. VINCENT, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

Under an indictment charging him with the murder

of John Bean, Robert Carter has been convicted of manslaughter and his punishment fixed at imprisonment for two years. He is appealing.

As grounds for reversal it is argued (1) that the trial court erred in summoning a jury from another county and (2) that incompetent and prejudicial evidence was admitted over appellant's objections. As appears from the record, appellant had been tried three times, and in each instance the jury failed to reach a verdict. When the case was called again for trial, 15 citizens made affidavits that the people of the county had heard of the case and had talked about it until in the judgment of affiants an unbiased jury could not be obtained in Cumberland county, and in order to have a fair and impartial trial it would be necessary to have a change of venue or to send to another county for jurymen to try the case. However, the court had the 30 jurors who composed the regular panel called and examined, and out of the 7 who otherwise qualified all but 3 or 4 stated that they had conscientious scruples against capital punishment. It appears that, when the matter of summoning a jury from another county was discussed, objection was made to summoning a jury from either of the counties of Monroe, Adair, Metcalfe, or Casey, and the court thereupon directed the jury to be summoned from Russell county. Counsel for appellant made no particular objection to Russell county, but did object to summoning a jury from any county other than Cumberland on the ground that the court had not made a fair effort in good faith to obtain a jury free from bias in Cumberland county.

> Section 194 of the Criminal Code of Practice reads: "If the judge of the court be satisfied, after having made a fair effort, in good faith, for that purpose, that, from any cause, it will be impracticable to obtain a jury free of bias in the county wherein the prosecution is pending, he shall be authorized to order the sheriff to summon a sufficient number of qualified jurors from some adjoining county in which the judge shall believe there is the greatest probability of obtaining impartial jurors, and from those so summoned the jury may be formed."

Counsel for appellant cites and relies on the case of 'Alsept v. Commonwealth, 245 Ky. 741, 54 S. W. (2d) 337. In that case it was held that the court was not au-

thorized to send to another county for a jury until a fair effort had been made in good faith to obtain a jury free from bias in the county wherein the prosecution was pending, and, of course, that was merely following the language of the Code, which is plain and unambiguous. It does not appear from the opinion in the Alsept Case whether any effort at all was made to obtain an unbiased jury in the county where the prosecution was pending, therefore the record in this case presents an entirely different situation. Comparatively speaking, the population of Cumberland county is small, and, as would be inferred from the record, this case was calculated to create considerable public sentiment, and naturally three former trials gave it wide publicity.

This section of the Code invests the trial court with a discretion which should not be interfered with unless it is manifest that it has been abused. In McHargue v. Commonwealth, 239 Ky. 23, 38 S. W. (2d) 927, one of the grounds urged for reversal was that a jury had been obtained from a county other than that in which the prosecution was pending. It appears in the opinion that an effort was made to obtain a jury from the county where the homicide was committed. Nine jurors had been qualified but had not been accepted by either party. At that stage the court discharged the nine jurors and directed a jury to be summoned from another county. The order directing the summoning of the jury from another county assigned as a reason for such action that the case had been given great publicity on account of a former trial and that deceased belonged to a rich and prominent family. It was held that under section 281 of the Criminal Code of Practice the action of the court in summoning a jury from another county was not reviewable; but it was indicated in the opinion that there was no abuse of discretion. In this connection it may be said that under section 281 of the Criminal Code of Practice as amended by chapter 63, sec. 2, Acts 1932, such action upon the part of the trial court is now reviewable. In Brafford v. Commonwealth, 16 S. W. 710, 13 Ky. Law Rep. 154, it was held that, because of the fact that accused in a homicide case had extensive relations and had been tried three times, the court was justified in ordering the sheriff to summon a jury from an adjoining county. With the foregoing authorities as a guide we are led to the conclusion that in

the established circumstances there was no abuse of discretion in ordering jurors summoned from another county.

On cross-examination the attorney for the commonwealth asked appellant why he did not go to town and give himself up after he learned that John Bean was dead and further asked him in effect if he had not had trouble with John Bean out on the road and that Bean procured a warrant and caused him to be arrested and tried. It is earnestly insisted that the court committed prejudicial error in overruling objections to these questions and requiring appellant to answer. As a matter of course, the commonwealth had a right to show previous trouble between appellant and deceased as bearing on the question of motive or malice. On direct examination, appellant had already testified concerning some previous trouble with deceased. There was no evidence that appellant attempted to escape or evade arrest, and possibly it was not proper to inquire about his failure to surrender, but the relevancy of the matter is of little consequence, since it is so obvious that it was not prejudicial and could not have had any effect on the verdict of the jury.

Finding no error in the record prejudicial to appellant's substantial rights, the judgment is affirmed.