## LEDFORD v. COMMONWEALTH.

Court of Appeals of Kentucky.

March 21, 1952.

O. J. Cockrell, Jackson, for appellant.

A. E. Funk, Atty. Gen., for appellee.

CLAY, Commissioner.

Appellant was convicted of knowingly receiving stolen goods, and was given a penitentiary sentence. On this appeal her only ground for reversal is that the jury which tried her was not summoned and selected according to law.

The trial was held in the Powell Circuit Court. The court had ordered the jury selected from Wolfe County, and the panel was summoned by the sheriff of that county. When the case was called for trial and this fact appeared, the court discharged the panel. The sheriff of Powell County was then directed to summon another panel from Wolfe County. He thereupon summoned the same jurors who had just been discharged.

Section 194 of the Criminal Code of Practice provides that where it appears impractical to obtain an unbiased jury in the county where a prosecution is pending, the court is authorized to order the sheriff of that county to summon jurors from adjoining counties. In Neal v. Commonwealth, 233 Ky. 533, 26 S.W.2d 23, we held that the jury must be summoned by an officer of the court trying the case, and that a sheriff of another county, unless duly sworn for the purpose, cannot summon the jury. This was the reason the first panel was discharged.

Thereafter section 194 was complied with. The sheriff of Powell County actually summoned the Wolfe County jurors. The fact that they were not in Wolfe County at the time is immaterial. See Benson v. Commonwealth, 249 Ky. 328, 60 S.W.2d 941. We find nothing illegal in the method of selecting this panel.

The judgment is affirmed.