**Elmer Gene VINCENT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 9, 1956.

B. M. Vincent, Brownsville, for appellant.

Jo M. Ferguson, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

The appellant, Elmer Gene Vincent, was the driver of an automobile which struck and killed Max Hogan while he was walking along a highway after dark on January 29, 1955. On his trial on the charge of voluntary manslaughter the verdict was, "We the jury find the defendant guilty and fix his punishment at eight months in jail and $500 fine."

The descriptive part of the indictment or "statement of the acts constituting the offense," Criminal Code, § 122, subd. 2, is that the accused "while under the influence of intoxicating liquors, did, unlawfully, wilfully, and feloniously, drive and operate an automobile over and upon state highway #65, in such a gross, negligent, reckless, careless and wanton manner as to make a violent assault upon one Max Hogan." The description continues with elaboration and charges that the injuries

inflicted by the accused caused Hogan's death.

We cannot agree with the appellant that the indictment is duplicitous as charging the offenses of driving an automobile while under the influence of intoxicants and of assault and battery in addition to the crime of voluntary manslaughter. The reference to the accused being under the influence of liquor is merely a statement of one of the circumstances of the offense charged. It was unnecessary and surplusage. It does not render the indictment bad and did not require an election as to prosecution. The statement that the accused assaulted and struck the deceased is merely the statement of particulars.

We find it necessary to reverse the judgment because of the failure of the trial court to sustain the defendant's request for inquiry into the manner in which part of the jury was summoned.

After six jurors had been accepted, the court deemed it impossible to obtain a jury from Edmonson County after having made a diligent effort to do so; and on motion of the Commonwealth, to which the defendant objected, the court ordered the sheriff of Edmonson County to go to Warren County and, with the assistance of the sheriff of Warren County, summon 25 jurors. The veniremen duly appeared and the jury was completed from them.

The stenographer's transcript, which was made a part of the bill of exceptions by reference, recites that the defendant's attorney

"* * * objects to the panel of jurors coming from Warren County. In the first place, objection is made to the method of summoning the jury. Upon the calling of the first two men summoned from Warren County, the Commonwealth called the Sheriff and two Deputies into the witness room and the two Deputies went to the telephone and conferred with the Sheriff at Bowling Green, as to whether or not these men would be favorable to the Commonwealth. In supporting of the motion, the defendant asks that the Sheriff, Clyde Webb, be called and permitted to answer questions relative to the manner of selecting men in Warren County and that the Deputy Sheriff, Fred Webb, be called and the Deputy Sheriff, Arnold Clark, be called. Said Sheriff and Deputies have been both sworn to keep the Jury together and they have shown partiality and interest in the prosecution,, and the Defendant asks permission to inquire of the Sheriff and both Deputies as to their activity and telephone calls and reports made on the men summoned to the Jury.

"The Court overruled said objection, stating as follows: This being a second trial in this case, and after having exhausted the regular panel and having exhausted a special panel of 113 whose names were drawn from the Jury Wheel, it became improbable, if not impossible to obtain a complete panel from this County. At the time eighteen of that twenty-five have registered. As to the activities of the Sheriff, the Court doesn't feel that he has a right or is authorized to require the Sheriff to disclose whatever personal information he has obtained as to the qualifications of these men who apparently are qualified citizens of Warren County."

The defendant charged in his motion and grounds for a new trial that the Edmonson County sheriff had called the Warren County sheriff on the telephone and the venire had been chosen and summoned by that officer and not by the Edmonson County sheriff as he was ordered to do.

In Neal v. Commonwealth, 233 Ky. 533, 26 S.W.2d 23, the circuit court of Boyd County (the place of trial) ordered the

sheriff of Carter County to summon fifty persons for jury service in the case. We pointed out in the opinion that § 194 of the Criminal Code authorizes the court to order the sheriff to summon veniremen from an adjoining county, and that § 196 gives to the sheriff extraterritorial authority to do so but does not grant such power to the sheriff of the adjoining county, although § 193 permits him or any other person to be designated by the court to summon jurors, providing, however, that such designated person must be sworn in open court to discharge the duties assigned him. We held that the sheriff of Carter County was not qualified by virtue of his office to summon the jurors for the Boyd Circuit Court and that the result was that the venire had not been summoned according to law. We commented quite fully upon the right of a person accused of crime to have a jury chosen according to the statutes and regarded the action of the court as error. However, at the time of that decision (February, 1930) the Court of Appeals was, by § 281, Criminal Code, expressly denied power to reverse a judgment for error in the selection of a jury in a criminal case. In 1932 the General Assembly amended that provision and it now provides expressly that this court may reverse a judgment of conviction for error committed in impaneling a jury. See Alsept v. Commonwealth, 245 Ky. 741, 54 S.W. 2d 337.

In the present case, the more vigorous objection of the defendant was to the conduct of the Commonwealth's Attorney and the Edmonson County sheriff in seeking information regarding the qualifications of the men summoned from Warren County. We think the trial court properly refused to make an inquiry concerning that matter. But the allegations with respect to the manner in which the venire was summoned were of sufficient importance, we think, to have required the trial court to inquire into that matter and we regard his failure so to do as an abuse of discretion and a reversible error.

There is no merit in the appellant's contention that the evidence of guilt was not sufficient to take the case to the jury. We think there was abundant evidence upon which the jury could find the defendant guilty of involuntary manslaughter.