Homer BENNETT, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Jan. 17, 1958.

John Y. Brown, Lexington, for appellant.

Jo M. Ferguson, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellee.

SIMS, Judge.

■ The trial of Homer Bennett upon an indictment charging him with the murder of his brother, Harry Bennett, resulted in a conviction of voluntary manslaughter and the jury fixed his punishment at confinement in the penitentiary for 21 years. As the sole ground relied upon for reversal of the judgment is the court erred in summoning a jury from the adjoining county of Leslie, it will not be necessary to state the facts surrounding the tragedy.

This was the first trial of the case and there was no companion case previously tried. When the case was called for trial both sides announced ready. There were 31 jurors on the regular panel but two were related to defendant and to deceased so they were excused. Out of the 29 left on the panel, 13 qualified to try the cause. Three of these were peremptorily challenged by the Commonwealth, leaving 10 acceptable to the court and to the Commonwealth but subject to challenge by the defense.

At this point the Commonwealth moved for a change of venue, supporting its motion by the affidavits of three persons, one of whom was the widow of the victim. These affidavits state that due to the prominence of the Bennett brothers, their broad acquaintance throughout the county, coupled with the fact they both had large business interests and employed many people in the county, and as wide publicity was given the killing in newspapers with large circulations in the county, it would be extremely difficult, if not impossible, to secure a fair and impartial jury in Harlan County.

Defendant filed a response and objection to the motion, supported by the affidavits of five citizens of the county, all to the effect that the Bennetts were not natives of Harlan County, their relatives in the county were few and there were large sections in the county where neither of the principals was known and it would not be difficult to secure a jury from Harlan County which would give both sides a fair and impartial trial.

The court entered an order reciting the salient facts contained in the affidavits and overruled the motion for a change of venue. However, sua sponte he ordered the sheriff to summon a special venire of 50 jurors from the adjoining county of Leslie. Defendant objected to so much of the order as directed that a jury be summoned from Leslie County and saved an exception to the ruling of the court in so doing.

It is insisted by defendant the court erroneously deprived him of constitutional rights given him by both the Federal and the State Constitutions. The applicable part of the Sixth Amendment of the Federal Constitution reads:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy

and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law * * *."

The applicable part of § 11 of the Kentucky Constitution reads:

"He (accused) shall have a speedy public trial by an impartial jury of the vicinage."

This section further says that the General Assembly may provide a general law for a change of venue in such prosecutions for both the defendant and the Commonwealth.

■ As to the selection of the jury from a county other than that in which the crime was committed, § 194 of the Criminal Code of Practice reads:

"If the judge of the court be satisfied, after having made a fair effort, in good faith, for that purpose, that, from any cause, it will be impracticable to obtain a jury free of bias in the county wherein the prosecution is pending, he shall be authorized to order the sheriff to summon a sufficient number of qualified jurors from some adjoining county in which the judge shall believe there is the greatest probability of obtaining impartial jurors, and from those so summoned the jury may be formed."

Our one and only question is, did the trial judge under the facts in this record "make a fair effort in good faith" to secure a jury free of bias from Harlan County?

■ We have written that the trial judge has a broad discretion under § 194 of the Criminal Code of Practice and will not be required to do a useless thing in attempting to get a jury from the vicinage. Gross v. Com., 294 Ky. 492, 172 S.W.2d 78; Canter v. Com., 274 Ky. 508, 119 S.W. 2d 864; Carter v. Com., 267 Ky. 640, 102 S.W.2d 1020. But this does not mean his

discretion is absolute or is a personal one, or that he can arrive at it through an independent personal opinion of his own. It means a judicial discretion based upon the facts presented by the situation confronting him. We wrote in Fannon v. Com., 295 Ky. 817, 175 S.W.2d 531, at page 532 [533], that where the court merely drew on his own personal knowledge of the situation and on evidence heard on a motion of the Commonwealth for a change of venue, he had not "made a fair effort" to obtain a jury from the county where the killing occurred. To the same effect is Williams v. Com., 258 Ky. 574, 80 S.W.2d 573, at page 576. (We call attention to the fact the Fannon opinion stated that in the Williams case only one qualified juror was accepted out of the regular panel, when in fact only one juror from the regular panel, was found to be disqualified.) In Alsept v. Com., 245 Ky. 741, 54 S.W.2d 337, it was written that § 194 of the Criminal Code of Practice means exactly what it says—a fair effort must be made by the trial judge to secure a fair and impartial jury from the vicinage before he can send to an adjoining county for a jury. In the three cases just cited there had been no previous trial and each was reversed because the court had depended upon his own personal knowledge of the situation without actually trying to get a local jury. That is what the trial judge did here.

Our research has discovered no case in this jurisdiction where the action of the judge in sending to an adjoining county for a jury has been upheld where there had been no previous trial of the case, or a trial of a companion case involving the same or a similar character of crime, and the trial judge had only exhausted the regular panel without obtaining a local jury. Some of the cases we examined showing this are: Howard v. Com., 282 Ky. 663, 139 S.W.2d 742; Carter v. Com., 267 Ky. 640, 102 S.W.2d 1020; McHargue v. Com., 239 Ky. 23, 38 S.W.2d 927; Benson v. Com., 249 Ky. 328, 60 S.W.2d 941;

Johnson v. Com., 250 Ky. 297, 62 S.W.2d 1025; Watts v. Com., 308 Ky. 197, 213 S.W.2d 795; Powell v. Com., 276 Ky. 234, 123 S.W.2d 279; Gross v. Com., 294 Ky. 492, 172 S.W.2d 78; Osborne v. Com., 296 Ky. 587, 177 S.W.2d 896; Adkins v. Com., 301 Ky. 384, 191 S.W.2d 935.

It is not unusual in a murder trial for more than half of the regular panel to disqualify themselves on their voir dire. In fact, a judge is doing extremely well if 50% of the regular panel does qualify on the voir dire. Here, 13 out of 29 of the regular panel qualified, which is at least an average showing. The Commonwealth accepted 10 of the 13, leaving it only 2 additional peremptory challenges. Lawyers and judges experienced in criminal trials know it is most unlikely either side ever uses the last peremptory challenge— neither can afford it. The trial judge or any one in the court room had no idea how many of 12 qualified jurors accepted by the Commonwealth would be peremptorily challenged by the defense. It could accept them all or excuse them all. Until the court found how many the defense was going to excuse out of the 12 accepted by the Commonwealth, he acted prematurely and arbitrarily in going to an adjoining county for a jury. Certainly it cannot be said with reason in the circumstances presented by the record that "he made a fair effort to secure a fair and impartial jury" in Harlan County (with a population of 75,000 people) before sending to Leslie County for a jury.

We here call attention to § 59, subsections 2 and 3, of the Kentucky Constitution to the effect that no special law can be·passed to regulate the empaneling of a grand or petit jury, or to provide for the change of venue in civil or criminal cases. It would appear that the framers of our Constitution attempted in every way to protect a citizen's right of trial by a jury of the vicinage.

Courts of other states with constitutional provisions similar to our § 11 have jealously guarded the rights of an accused against a trial judge going without the vicinage for a jury until he has made a fair effort to obtain a local jury, as will be seen from examining the following cases: Richards v. Com., 107 Va. 881, 59 S.E. 1104; Newberry v. Com., 192 Va. 819, 66 S.E.2d 841; State ex rel. Cosmer v. See, 129 W.Va. 722, 42 S.E.2d 31; People v. Grennan, 284 App.Div. 657, 134 N.Y.S. 2d 676; State ex rel. Sullivan v. Patterson, 64 Ariz. 40, 165 P.2d 309.

The Commonwealth argues under § 340 of our Criminal Code of Practice a judgment will not be reversed for an error not prejudicial to the accused, and that in this instance the accused has· not shown he was prejudiced by the court ordering a foreign jury, citing Gross v. Com., 294 Ky. 492, 172 S.W.2d 78; Sexton v. Com., 292 Ky. 18, 165 S.W.2d 829, and Combs v. Com., 292 Ky. 1, 165 S.W.2d 832. The three cases just cited were all actions in which it was held the trial court did not err, therefore it was obiter dictum in each opinion when it was written the judgment could not be reversed for such nonprejudicial error. Where the accused's constitutional rights are violated it is not necessary for him to show prejudicial error resulted. The mere violation of his constitutional rights is sufficient to work a reversal in a criminal case. Branham v. Com., 209 Ky. 734, 273 S.W. 489; McPerkin v. Com., 236 Ky. 528, 33 S.W.2d 622. Another reason why the trial court's error was prejudicial to accused is that a jury of the vicinage would know the good character of accused and of his witnesses (if such were the fact) and their testimony would have more· weight with such jury than with a foreign. jury. See Com. v. Davidson, 91 Ky. 162,. 15 S.W. 53.

For the reasons given the judgment is reversed for proceedings consistent with this opinion.

CAMMACK, J., dissents.