**L. B. KEETON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 6, 1958.

Earl B. Rose, Beattyville, John L. Cox, Stanton, Ollie J. Cockrell, Jackson, for appellant.

Jo M. Ferguson, Atty. Gen., H. D. Reed, Jr., Asst. Atty. Gen., for appellee.

CAMMACK, Judge.

The appellant, L. B. Keeton, was charged with the willful murder of Robert Bush. He was found guilty of voluntary manslaughter and sentenced to three years in prison. On this appeal Keeton insists that: (1) He was entitled to a change of venue; and (2) in any event he should have been granted a continuance. We are reversing the judgment because we believe the appellant's first contention is well taken.

The homicide occurred on the afternoon of Sunday, September 9, 1956. The deceased, Bobby Bush, was a married man, 21 years of age, who had recently been discharged from the Air Force. Bobby was at a service station across the street from

the appellant's restaurant business. The service station was a meeting place for a number of young people of Powell County with whom the appellant had had minor altercations. Bobby called across the street to the appellant, who immediately went over to the service station. A fight ensued between Bobby and the elderly appellant and Bobby was stabbed with the appellant's knife. He died almost instantly from the wound.

The appellant was indicted and the case was passed for trial until October 25th. The appellant failed to appear on that date and an order forfeiting bond was entered. Later this order was set aside. The appellant then moved for a change of venue and submitted affidavits in support thereof. The affidavits set forth that Keeton could not get a fair trial in Powell County because the deceased was a member of a large Powell County family, and had married into another large family of the County. He asserted that the relatives of the deceased were politically prominent and influential. The appellant asserted, on the other hand, that he had lived in the County only nine or ten years and had few friends there. He charged that highly prejudicial false reports had been circulated for the successful purpose of creating public sentiment hostile to him.

At the hearing on the motion for a change of venue the Commonwealth introduced evidence showing that the appellant's daughter had married into a large Powell County family. The Commonwealth's evidence showed also that the public generally was not hostile to the appellant, and that he could get a fair trial in Powell County.

The trial court overruled the motion for a change of venue and later overruled the appellant's subsequent motion for a continuance. On March 11, 1957, an order was entered appointing a special bailiff, the sheriff of Powell County having disqualified himself because of his relationship to the prosecuting witnesses and to the deceased. The order instructed the special bailiff to summon 50 men from Bourbon County for jury service for Keeton's trial. Bourbon County does not adjoin Powell County. The order was in accord with an order of March 7, 1957, the opening language of which follows:

"The Court, after hearing evidence upon the motion of the defendant for a change of venue and argument of counsel, together with the fact that at a prior term of court this case was called for trial and from the whole panel of the jury at that time only ten (10) jurors tentatively qualified. The Court is of the opinion that it would be very difficult if not impossible to obtain a jury in Powell County who have not formed or expressed an opinion about the guilt or innocence of this defendant. * * *"

The question for us to determine is whether the substantial rights of the accused were impaired when the trial court summoned a special venire from another county, which was also a non-adjacent one, to which action the accused objected, instead of granting a change of venue as requested.

The rights of an accused in all criminal prosecutions, including a change of venue, are set out in our present Constitution. Section 11 follows:

"Rights of accused in criminal prosecution; change of venue. In all criminal prosecutions the accused has the right to be heard by himself and counsel; to demand the nature and cause of the accusation against him; to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor. He cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land; and in prosecutions by indictment or information, he shall have a speedy public trial by an impartial jury of the vicinage; but

the General Assembly may provide by a general law for a change of venue in such prosecutions for both the defendant and the Commonwealth, the change to be made to the most convenient county in which a fair trial can be obtained."

The first three Constitutions contained in substantial form the provisions of Section 11, aside from the latter provision dealing with change of venue. However, Article II, Secton 38 of the Constitution of 1850 provided that change of venue in criminal and penal prosecutions should be governed by general law. It is of interest that a general law providing for change of venue for defendants in criminal cases was enacted by the Legislature as early as 1851. Public Acts, 1850–51, Vol. 1, Chapter 493, p. 52. Prior to 1850 changes of venue had been granted by special acts of the Legislature.

A general provision for obtaining a jury from a county other than where the prosecution is pending, now Section 194 of the Criminal Code of Practice, was enacted by the 1854 General Assembly. Public Acts 1854, Chapter 696, Title VI, Chapter 6, Article IV, Subd. 1, Section 194. That provision purported to authorize what we designate, for want of a better term, "change of venire." Its wording has undergone only slight revision during the intervening years and is now as follows:

"Jurors may be summoned from adjoining county. If the judge of the court be satisfied, after having made a fair effort, in good faith, for that purpose, that, from any cause, it will be impracticable to obtain a jury free of bias in the county wherein the prosecution is pending, he shall be authorized to order the sheriff to summon a sufficient number of qualified jurors from some adjoining county in which the judge shall believe there is the greatest probability of obtaining impartial jurors, and from those so summoned the jury may be formed."

The present statutory provisions relating to change of venue in criminal and penal actions for both the accused and the Commonwealth, KRS 452.210–452.340, are derivatives of Carroll's Statutes, sections 1109–1125. KRS 452.210, of particular interest here, dates back to an act of the Legislature of 1890. Public Acts 1890, Chapter 1834, pp. 164, 165. Its constitutionality was upheld under the 1850 Constitution; Commonwealth v. Davidson, 91 Ky. 162, 15 S.W. 53, 12 Ky.Law Rep. 767, and Section 11 of the present Constitution specifically authorizes its provisions.

The committee designated to draft Section 11 of the present Constitution proposed inclusion of much of the language of Section 194 of the Criminal Code of Practice in that section. Debates Constitutional Convention 1890, Vol. 1, p. 951. But the committee's draft was defeated and the present Section 11, a substitute for that draft, was readily adopted. Debates Constitutional Convention 1890, Vol. 1, p. 965. Despite the general change of venue provisions contained in the Constitution of 1890, Section 194 of the Criminal Code of Practice has been retained as a part of our statutory law. Not infrequently, as in this case, it has caused confusion because of the alternative methods for obtaining an impartial jury.

In the instant case the trial judge refused to grant a change of venue, but did grant a "change of venire." The language of KRS 452.210 is to the effect that the trial judge *shall,* upon proper application, order the trial to be had in some adjacent county if it appears that there cannot be a fair trial in the county where the prosecution is pending. The language quoted from the trial court's order of March 7, 1957, shows that accused could not have a speedy trial by an impartial jury as guaranteed by the Constitution, Section 11. Under the circumstances Keeton was entitled to a change of venue and the trial judge should have sustained his motion therefor, instead of ordering a "change

of venire" on his own motion. Constitution, Section 11, and KRS 452.210.

For the reasons stated the judgment is reversed and the case remanded for proceedings consistent with this opinion.